SAMUEL K. WILSON, PLAINTIFF IN ERROR, v. THE INHABITANTS OF THE CITY OF TRENTON ET AL., DEFENDANTS IN ERROR.

1. It is not unlawful for municipal authorities, contracting for paving a street, to embody in the same contract provisions binding the contractor to guarantee the durability of the pavement for five years and to repave at a stated price all openings made in the street during the same time.

2. When a special assessment is levied for the pavement laid under such a contract, property-owners may show that the price nominally charged for paving was really charged in part for the guaranty and the repaving, and thus may keep the assessment within the fair value of the paving itself, beyond which they are not chargeable.

3. The decision of municipal authorities as to who, among several bidders, is the lowest, cannot, if resting on legal evidence, be reviewed in this court.

[*Argued March 1st, 1898 ; decided May 16th, 1898.*]

On error to the Supreme Court. For opinion of the Supreme Court, see 30 *Vroom* 394.

For the plaintiff in error, *John H. Backes.*

For the defendants in error, *John Rellstab* and *George W. Macpherson.*

The opinion of the court was delivered by

DIXON, J. The plaintiff in error, owning land on Hamilton avenue, in the city of Trenton, sued out a writ of *certiorari* to set aside a contract which the city had made for paving that avenue with Trinidad Lake asphaltum. The Supreme Court having adjudged the contract legal, he has brought the matter to this court by writ of error.

The first reason urged by counsel of the plaintiff for holding the contract unlawful is that, besides requiring the contractor to lay a good pavement, it binds him to guarantee the

durability of the pavement for five years, and during that period to maintain the pavement in good condition, and also binds him to repave at a price stated all openings made in the street during the same time. The effect of these provisions, it is argued, has been to enhance the price nominally charged for laying a good pavement by making it cover the cost of maintenance and the cost of repaving beyond the stated price, which is said to be inadequate, and thus will be to increase the assessment to be levied upon the property-owners, who are legally assessable for laying the pavement, but not for maintaining or relaying it.

This contention, we think, ignores the principle on which assessments for municipal improvements are levied in this state. Property-owners are not chargeable with the price of such improvements, but only with an equivalent for the special benefits they derive therefrom. Such an equivalent cannot exceed the reasonable value of the improvement, and hence the municipality itself, not the assessable property-owners, must bear the excess of price beyond fair cost. If, therefore, the commissioners who levy an assessment for this improvement charge upon the property-owners anything beyond the fair cost of laying a good pavement, their assessment will to that extent be illegal. The same evidence which would now show that the nominal price for paving includes compensation for the guaranty and for repaving will be then available for the same purpose, and if produced will result in reducing the assessment to such sum as would have secured a proper pavement without the added stipulations. The plaintiff's complaint, if well founded in fact, must be reserved until the assessment is levied.

This point being thus decided, we see no reason for denying the power of the municipal authorities to include in the same contract the three stipulations above mentioned. The preparation and laying of asphaltum as a pavement require special skill, and the quality of the pavement cannot well be ascertained by municipal authorities without the test of time. It is therefore reasonable that those who lay such pavement

should submit it to this test in order to insure its goodness. And since the contractors who engage in this kind of work obtain their crude asphaltum from different sources and subject it to various processes of preparation, there is a manifest fitness in providing that those who lay the original pavement should relay it whenever openings are made, so that uniformity of work and materials may be secured. It thus appears that the guarantee of durability and the stipulation for repaving are but incidents of the principal object of the bargain dictated by prudence, and therefore rightly included with it in a single contract.

Another contention of the plaintiff is that the contract was not awarded to the lowest bidder, as section 107 of the city charter, with some reservations, requires.

It appears from the evidence in the case that the contract was awarded to the person whom the city authorities, taking into consideration all the provisions of the agreement, found to be the lowest bidder. This determination of fact the Supreme Court did not overturn, and on examining the testimony we cannot say that it is without legal support. The question who was the lowest bidder was primarily submitted by the law to the city authorities, and their decision must stand until legally reversed. On writ of error this court does not interfere with lawful conclusions on disputed questions of fact, and therefore we must accept it as settled that this contract was awarded to the lowest bidder. Hence, we need not consider under what circumstances a contract may be given to one who is not the lowest bidder.

With regard to the other objection, that the specifications on which bids were invited were uncertain, we think the specifications are reasonably definite, in view of the desirability of competition among the various pavements in use.

The judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHANCELLOR, COLLINS, DIXON, GARRISON, LIPPINCOTT, LUDLOW, VAN SYCKEL, ADAMS, BOGERT, NIXON. 10.

*For reversal*—None.